UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jacobo Argueta Guardado,<br><br>                              Petitioner,<br><br>          -v-<br><br>Leanne Latona, *Superintendent*, and<br>ADA Pilar M ORourke,<br><br>                              Respondents. | 2:24-cv-5889<br>(NJC) (ARL) |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On August 22, 2024, Jacobo Argueta Guardado filed a pro se Writ of Habeas Corpus while incarcerated at the Collins Correctional Facility in Collins, New York. (ECF No. 1.) As a part of a Pilot Program governed by EDNY Administrative Order 2023-23, a magistrate judge was initially assigned as the presiding judge in the case. (ECF No. 3.)

On April 10, 2025, this case was reassigned to this Court's docket. (Elec. Order, Apr. 10, 2025.) Also on April 10, 2025, the Clerk of Court mailed a copy of the docket sheet to Guardado at his address of record at Collins Correctional Facility in Collins, New York. (Elec. Notice, Apr. 10, 2025.) That mailing was returned to sender as documented by an April 21, 2025 notice on the docket filed by the Clerk of Court. (Returned Mail Notice, Elec. Notice, ECF No. 16, Apr. 21, 2025.) The writing on the Returned Mail Notice reads "2-28-25 R&S CR Immigration." (*Id*.) Accordingly, on May 8, 2025, the Court ordered the New York State Attorney General's Office to provide the Court with a status update on Guardado's whereabouts. (Elec. Order, May 8, 2025.)

On May 13, 2025, the New York State Attorney General's Office filed a letter on the docket apprising the Court of its understanding that Guardado was transferred to Immigration

and Customs Enforcement custody on February 28, 2025, and subsequently removed to his country of citizenship, El Salvador. (ECF No. 18.) On May 14, 2025, this Court issued an Order directing Guardado to update his address in writing with the Clerk of the Court by July 14, 2025, noting that failure to do so would result in this case being dismissed, without prejudice, for failure to prosecute. (Elec. Order, May 14, 2025.) To date, Guardado has not updated his address in writing with the Clerk of Court.

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111–12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*." (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))). Moreover, when considering a Rule 41(b) dismissal, a district court must weigh the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.* Here, the Rule 41(b) factors favor dismissal of Guardado's case. First, Guardado has not taken any steps to prosecute his case, despite warnings from the Court. Given the representation by the New York State Attorney General's Office that Guardado is no longer in the United States, it is unlikely he has any interest in prosecuting the case any further. (ECF No. 18.) Second, the May 14, 2025 Order placed Guardado on notice that his case would be dismissed if he failed to update his mailing address with the Clerk of Court by July 14,

2025. Third, these proceedings have been unreasonably delayed because Guardado's whereabouts are unknown, and any further delay is likely to prejudice Defendants. Fourth, balancing the Court's interest in managing its docket with Guardado's interest in receiving a fair chance to be heard weighs in favor of dismissal, particularly given that Guardado is no longer in the United States. Fifth, the facts suggest that sanctions on Guardado would not change his ability to participate in these proceedings.

Accordingly, because the time for Guardado to comply has expired, the Complaint is now dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court is respectfully directed to close the case. Should Guardado seek leave to appeal, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Order to Guardado.

Dated: Central Islip, New York
January 29, 2026

                                             */s/ Nusrat J. Choudhury*
                                             NUSRAT J. CHOUDHURY
                                             United States District Judge